**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES J. LUKEZIC,**<br>   40 Wall Street, 28th floor<br>   New York, NY 10005<br><br>   *Plaintiff,*<br><br>   v.<br><br>**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,**<br>   1735 K Street NW<br>   Washington, DC 20006<br><br>**UNITED STATES SECURITIES & EXCHANGE COMMISSION,**<br>   100 F Street NE<br>   Washington, DC 20549<br><br>**DAVID SALTIEL,** Director of the Division of Trading and Markets for the United States Securities & Exchange Commission, in his individual and/or official capacities,<br>   100 F Street NE<br>   Washington, DC 20549<br><br>   *Defendants.* | Case No. 1:25-CV-00623<br><br>Jury Trial Demanded |

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF; COMPENSATORY AND PUNITIVE RELIEF;
AND REQUEST FOR DECLARATORY RELIEF**

**INTRODUCTION**

PLAINTIFF, James J. Lukezic ("Mr. Lukezic" or "Plaintiff"), by and through undersigned counsel, hereby files the following Complaint against Defendants Financial Industry Regulatory Authority ("FINRA"), the United States Securities and Exchange Commission ("SEC"), and David Saltiel, in his individual and/or official capacity as Director of the Division of Trading and Markets

1

for the SEC ("Saltiel") (collectively, "Defendants"). Plaintiff seeks preliminary and permanent injunctive relief to enjoin: (1) FINRA's Department of Enforcement ("FINRA Enforcement") from conducting disciplinary proceedings in an unconstitutional forum that lacks both jury trial rights and the structural and procedural protections inherent in an Article III court; (2) the continued exercise of authority by FINRA arbitrators operating under an unconstitutional delegation of power and whom are unduly insulated from presidential oversight; and (3) FINRA's ongoing publication of prejudicial materials that violate Mr. Lukezic's Fifth Amendment rights to due process and Sixth Amendment rights to an impartial jury.

Plaintiff further seeks declaratory relief establishing that: (1) FINRA's use of non-Article III tribunals to adjudicate traditional legal claims arising from its regulatory scheme violates the Seventh Amendment, as such claims are analogous to suits at common law requiring adjudication before a jury in an Article III court; (2) FINRA's disciplinary process constitutes an unconstitutional delegation of legislative and judicial authority; (3) FINRA's structural insulation from presidential oversight violates Article II of the Constitution; and (4) FINRA's prejudicial publications violate Plaintiff's constitutional rights to due process and an impartial jury.

Finally, Plaintiff seeks compensatory damages for the irreparable harm to his reputation, business interests and relationships, and future earning capacity caused by Defendants' unconstitutional actions, as well as punitive damages to deter similar constitutional violations in the future. The exact amount of damages will be proven at trial.

In accordance therewith, Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C § 78aa(a).

2. This Court has personal jurisdiction over Defendant FINRA pursuant to Fed. R. Civ. P. 4(k)(1), D.C. CODE ANN. §§ 13-422 and 13-423 because FINRA maintains its principal place of business in the District of Columbia, and because the allegations and claims for relief herein arise from Defendant's transaction of business in the District of Columbia.

3. This Court has personal jurisdiction over Defendant SEC pursuant to 15 U.S.C. § 78aa(a), which grants jurisdiction over actions arising under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78a et seq., and 5 U.S.C. § 702, which waives sovereign immunity for claims seeking non-monetary relief against a federal agency. Additionally, *Axon Enterprise, Inc. v. FTC*, 143 S. Ct. 890 (2023), confirms that structural constitutional challenges to agency enforcement schemes can be heard in district court without requiring exhaustion of administrative remedies.

4. This Court has personal jurisdiction over Defendant Saltiel who is an adult resident of the United States and, upon information and belief, currently resides in Arlington, Virginia. At all relevant times, Saltiel served as Director of the Division of Trading and Markets for the SEC. Saltiel is being sued in this action in his individual and official capacities.

5. As a result of Defendants' purposeful, substantial, and ongoing business activities in the District of Columbia, Defendants have established minimum contacts with the District of Columbia such that it is reasonable for Defendants to reasonably anticipate being subject to action in the courts of the District of Columbia.

6. Venue is proper in this Court pursuant to 28 U.S. § 1391(b)(2) as this action relates to Defendants' activities within the District of Columbia.

**PARTIES**

7. PLAINTIFF, Mr. Lukezic, is a resident of Miami Dade County and has been in the financial services industry since 2001. Mr. Lukezic is currently an SEC-registered investment adviser with Old Slip Registered Investment Advisors, LLC (CRD # 297976) and a FINRA-registered broker with Old Slip Capital Management, Inc. (CRD # 7360); both located in New York, NY.

8. DEFENDANT, FINRA, is a non-profit corporation organized under the laws of Delaware, with its principal place of business in Washington DC, and operating as a self-regulatory organization ("SRO") that regulates participants in the securities industry pursuant to authority provided for in the Exchange Act and the Maloney Act (Pub. L. No. 75-719, 52 Stat. 1070 (1938) (amending the Exchange Act to authorize SROs to exercise regulatory authority delegated by Congress to the SEC). FINRA's actions and regulatory function depend upon and are subject to approval and oversight by the SEC.

9. DEFENDANT, SEC, is an agency of the United States government, created and governed by the Exchange Act, for the express purpose of regulating the securities markets, protecting investors, maintaining fair and efficient markets, and facilitating capital formation. The SEC exercises oversight authority over SROs like FINRA, which enforce compliance with securities laws and regulations among their members.

10. DEFENDANT, David Saltiel, is the Director of the Division of Trading and Markets for the SEC. 17 CFR 200.19a states that "[t]he Director of the Division of Trading and Markets is responsible to the Commission [i.e., SEC] for the administration and execution of the Commission's programs under the Securities and Exchange Act of 1934 relating to structure and operation of the securities markets and the prevention of manipulation in the securities markets. These responsibilities include oversight of . . . self-regulatory organizations, such as . . . registered

4

securities associations [i.e., FINRA]." In this capacity, Defendant Saltiel exercises direct supervisory authority over FINRA's activities, including disciplinary proceedings and enforcement actions. Defendant Saltiel has used his position of authority to perpetuate a disciplinary system that systematically violates Plaintiff's constitutional rights and has participated in the ongoing deprivation of Plaintiff's constitutional rights under color of federal law.

## SUMMARY OF THE CLAIMS

11. Mr. Lukezic brings this action for injunctive and declaratory relief to put an end to Defendants' concerted and perpetual violation of Mr. Lukezic's constitutional right to a jury trial in an Article III court; along with all attendant procedural and structural protections.

12. Over seven months ago, the Supreme Court unequivocally put an end to the SEC's use of in-house hearings to seek civil penalties; finding that it violates the Seventh Amendment right to a jury trial before an Article III court. *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024).

13. Notwithstanding, FINRA recklessly and callously continues to prosecute claims against Mr. Lukezic through the use of its in-house hearings, and in violation of Mr. Lukezic's constitutional rights to due process, and "to be tried by a jury of his peers before a neutral adjudicator." *SEC v. Jarkesy*, 144 S. Ct. 2139-40 (2024) (Gorsuch and Thomas concurring)

14. Mr. Lukezic also brings this action seeking preliminary and permanent injunctive relief from this Court through issuance of an Order enjoining FINRA from its continuous republication of prejudicial publicity in violation of Mr. Lukezic's Sixth Amendment right to an impartial jury.

## ALLEGATIONS

**FINRA's Improper Actions Against Plaintiff**

5

15. On December 17, 2024, FINRA Enforcement published defamatory statements concerning Mr. Lukezic to the public at large and on FINRA's website known as BrokerCheck.

16. The same day and through FINRA's prosecutorial discretion that, because of the SEC's failure to adequately meet its obligation to oversee FINRA (see ¶¶ 24-28, *infra*), is free from SEC approval or participation, FINRA initiated a formal disciplinary proceeding against Mr. Lukezic, pursuant to its rules and regulations approved by the SEC, concerning whether Mr. Lukezic had engaged in unauthorized trading, and provided false and misleading information to FINRA through testimony and written statements.

17. In the complaint filed to initiate the above-mentioned disciplinary proceeding, FINRA Enforcement does *not* allege that Mr. Lukezic received remuneration or anything else of value as a direct or indirect result of his alleged misconduct.

18. FINRA seeks by the aforementioned proceeding to, *inter alia*, extract monetary relief payable to FINRA and through the imposition of monetary sanctions upon Mr. Lukezic.

**FINRA's Unconstitutional Structure and Process**

19. FINRA's sanctions ***function*** in a manner indistinguishable from the SEC's civil penalties evaluated in *Jarkesy*. Both impose monetary sanctions for regulatory violations; both act as a form of punishment, rather than simply as a remedial measure; both result in adjudicative proceedings; and both are enforced by final orders. Like SEC civil penalties, FINRA's monetary sanctions serve a punitive and deterrent function rather than a purely remedial one. The Supreme Court has made clear that penalties of this nature trigger a constitutional right to a jury trial. While FINRA characterizes its fines as regulatory measures, they impose severe financial consequences and reputational harm, functioning as punishment for alleged misconduct rather than mere restitution.

20. The differences between SEC civil penalties and FINRA monetary sanctions are *structural*, rather than functional. E.g., SEC penalties can be enforced through a federal court judgment, whereas FINRA sanctions are enforced through coercion, not judicial authority.

21. The disciplinary proceeding through which FINRA seeks to prosecute Mr. Lukezic will be overseen by a FINRA employee, anointed Hearing Officer by another FINRA employee bearing the title of Chief Hearing Officer.

22. FINRA is a private, SRO that wields significant federal enforcement authority, including, *inter alia*, the power to prosecute and sanction brokers for alleged violations of federal securities laws.

23. FINRA Rules 9136, 9147, 9150, 9235, 9251-53, 9263, 9267-68, 9280, and 9285 generally give the FINRA hearing officer, an employee of FINRA, complete autonomy and discretion to, inter alia: (a) strike anything from the pleadings or hearing transcripts; (b) make findings/determinations of facts that limit evidence, testimony, and arguments; (c) exclude an attorney for a party; (d) deny requests for documents or information on subjective grounds; and (e) exclude evidence if not *materially* exculpatory—as determined unilaterally by the hearing officer.

**SEC's Failure of Oversight and Statutory Violations**

24. The SEC has wholly failed to exercise its authority under 15 U.S.C. § 78s(c) to amend FINRA's rules "to insure the fair administration of the self-regulatory organization, to conform its rules to requirements of [the Exchange Act]."

25. Through its failure to exercise the authority to amend FINRA's rules, the SEC knowingly permits FINRA to continue to actively pursue civil penalties against Mr. Lukezic (and

other similarly situated individuals) through in-house hearings outside of an Article III tribunal and absent the attendant protections afforded to all by the U.S. Constitution.

26. 5 U.S.C. § 706(2)(B) requires that this Court "hold unlawful and set aside agency action [ ] found to be (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law[.]" *Id.*; see, 5 U.S.C. § 551(12) ("'*agency action*' includes **the whole or part of an agency rule**, order . . . sanction, relief, or the equivalent, or the denial thereof, or **failure to act**") (emphasis added).

27. The *agency action* pertinent here is the SEC's failure to unilaterally amend "the rules of [FINRA] as [ ] necessary or appropriate to insure the fair administration of the self-regulatory organization[.]" 15 U.S.C. §§ 78s(c), 78o-3(b)(8).

28. As a result of the SEC's failure to act, FINRA is in violation of its obligation to provide a fair procedure for disciplining its members. 15 U.S.C. §§ 78s(c), 78o-3(b)(8); see, 15 U.S.C. § 78u (empowers the SEC to bring enforcement actions against any entity, including FINRA, for engaging in conduct that violates the Exchange Act or exceeds its statutory authority).

## FIRST CLAIM

### Seventh Amendment Violations – Right to a Jury Trial
### (Against FINRA and SEC)

29. The foregoing allegations are incorporated as if fully set forth herein.

30. The Seventh Amendment of the U.S. Constitution guarantees the right to a jury trial in suits at common law where the value in controversy exceeds twenty dollars.

31. Defendants have violated Mr. Lukezic's Seventh Amendment rights by subjecting him to enforcement proceedings before FINRA's in-house adjudicatory system, which lacks the structural and procedural protection and impartiality of an Article III court.

32. The monetary sanctions and penalties pursued and imposed by FINRA function as punitive measures rather than to restore the *status quo*, making them indistinguishable from the civil penalties struck down in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), which held that such penalties must be adjudicated in an Article III court.

33. Despite this clear constitutional mandate, Defendants continue to allow FINRA to act as a quasi-judicial body, imposing monetary sanctions and professional penalties without affording Mr. Lukezic the right to have the allegations against him heard by a jury of his peers and adjudicated before an impartial, appointed for life, Article III judge.

34. Defendant SEC, through its approval of the rules governing FINRA's unconstitutional adjudications, ensured that all subsequent review by the SEC or a U.S. Circuit Court of Appeals is limited to a record established and created entirely at the discretion of a single FINRA employee and without the structural and procedural safeguards inherent in Article III adjudications.

35. Defendant SEC, through its oversight and inexplicably dilatory appellate review process, ratifies and enforces these unconstitutional adjudications founded upon an official record shaped at the sole discretion of an unaccountable FINRA employee whom is neither removable by the President of the United States nor Congress, and has not taken the oath of office,[1] thereby depriving Mr. Lukezic of his Seventh Amendment rights.

36. Mr. Lukezic has suffered and continues to suffer harm as a direct result of Defendants' unconstitutional regime, including financial loss, reputational damage, and the deprivation of his fundamental right to a jury trial.

---

[1] 17 CFR 200.54 Members of the SEC have undertaken an oath to support the Constitution and carefully guard against any infringement of the constitutional rights of those subject to regulation by the SEC.

## SECOND CLAIM

### Article II Violations – Unconstitutional Delegation of Power (Nondelegation Doctrine) (Against FINRA and SEC)

37. The foregoing allegations are incorporated as if fully set forth herein.

38. This claim is brought pursuant to Article II of the United States Constitution, which vests executive power exclusively in the President of the United States and limits Congress' ability to delegate regulatory authority to private entities without sufficient oversight and accountability.

39. Defendant FINRA, a private SRO, exercises significant governmental authority, including the ability to investigate, prosecute, and impose sanctions on market participants, without direct presidential oversight or adequate statutory guidance from Congress.

40. Defendant SEC has improperly delegated its enforcement authority to FINRA in a manner that violates the nondelegation doctrine, as FINRA's disciplinary actions are functionally indistinguishable from government enforcement actions, yet lack the constitutional safeguards required of federal agencies.

41. The SEC's oversight of FINRA is inadequate to cure this unconstitutional delegation because FINRA initiates and adjudicates enforcement proceedings independently, without meaningful executive control, and the SEC merely reviews cases on appeal rather than directing their initiation.

42. As a result, FINRA wields vast regulatory power over brokers and financial firms without being accountable to the President or adhering to the structural constitutional requirements governing federal administrative agencies.

43. This unconstitutional delegation deprives Mr. Lukezic of his right to be regulated by a government agency subject to constitutional checks and balances, and instead subjects him to enforcement by a private corporation operating outside of constitutional constraints.

44. FINRA's disciplinary process, including its ability to impose monetary penalties and professional sanctions, constitutes the exercise of executive power that is reserved to constitutionally authorized government agencies.

45. By permitting FINRA to exercise such governmental powers without appropriate oversight, Defendants have violated the separation of powers doctrine and deprived Mr. Lukezic of his constitutional rights under Article II.

### THIRD CLAIM

**Violation of Due Process**
**(Against FINRA and SEC)**

46. The foregoing allegations are incorporated as if fully set forth herein.

47. The Fifth Amendment of the U.S. Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law.

48. Defendants have violated Mr. Lukezic's due process rights by subjecting him to FINRA's disciplinary proceedings, which lack the fundamental procedural and structural safeguards required by the Constitution.

49. FINRA's unconstitutional disciplinary proceedings are inherently biased where the hearing officer is a FINRA employee who serves simultaneously as both judge and employee of the prosecuting entity, creating an impermissible conflict of interest. This structure creates institutional pressure to rule in favor of the organization. Additionally, FINRA's rules give its hearing officers unfettered discretion to limit evidence, exclude testimony, and make unilateral determinations about what evidence is "materially" exculpatory, while denying Mr. Lukezic access to critical evidence and information necessary for his defense. Moreover, any subsequent review by the SEC or U.S. Circuit Court of Appeals is limited to a record established entirely at the discretion of this same FINRA hearing officer.

50. As the subject of Defendants' unconstitutional disciplinary proceedings, Mr. Lukezic has endured, and continues to endure professional, reputational, economic, and emotional harm.

51. FINRA's enforcement actions impose severe penalties, including monetary fines and de facto professional bans, without affording Mr. Lukezic the right to a jury trial or an impartial tribunal.

52. FINRA's disciplinary process lacks meaningful procedural protections, including the right to subpoena discovery, right to an impartial fact finder, right to an independent adjudicator, and the right to meaningful judicial review before the imposition of penalties.

53. The SEC's failure to provide adequate oversight or procedural safeguards further exacerbates these due process violations, as it permits FINRA to act both as prosecutor and adjudicator in cases where it has a vested interest in the outcome; publish prejudicial information about members without due process protections; impose significant monetary penalties without Article III court oversight; deny procedural fairness to administrative proceedings;[2] and create an official record for appeal that is shaped entirely by a non-independent hearing officer.

54. The combined effect of these procedural deficiencies deprives Mr. Lukezic of his constitutional right to a fair and impartial tribunal before suffering significant deprivations of his liberty and property interests.

55. As a direct result of Defendants' actions, Mr. Lukezic has suffered irreparable harm, including reputational damages from FINRA's public disclosures, loss of current and

---

[2] See *Mathews v. Eldrige*, 424 U.S. 319 (1976); 15 U.S.C. § 78o-3(b)(8) (Requiring that FINRA Rules "provide a fair procedure for the disciplining of members").

prospective business relationships, financial loss, emotional distress, and the deprivation of his fundamental due process rights.

56. The harm to Mr. Lukezic is ongoing and irreparable, as FINRA continues to pursue enforcement action through its unconstitutional forum while maintaining prejudicial public disclosures about him.

57. Absent intervention by this Court, Mr. Lukezic will be forced to defend himself in an unconstitutional forum that lacks elementary due process protections, thereby suffering continued violations of his constitutional rights.

## FOURTH CLAIM

### Claim Pursuant to Bivens v. Six Unknown Agents
### (Against Saltiel)

58. The foregoing allegations are incorporated as if fully set forth herein.

59. This claim is brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), to remedy violations of Mr. Lukezic's constitutional rights committed by Defendant Saltiel acting under color of federal law.

60. At all relevant times, Defendant Saltiel, as Director of the Division of Trading and Markets at the SEC, was responsible for enforcing and executing the Exchange Act's provisions relating to the structure and operation of securities markets and prevention of market manipulation. This authority specifically includes direct oversight of SROs like FINRA.

61. Defendant Saltiel's duties and responsibilities include, but are not limited to: overseeing FINRA's disciplinary process pursuant to 17 CFR 200.19a; ensuring FINRA's rules and procedures comply with constitutional requirements; reviewing and monitoring FINRA's enforcement practices; and recommending necessary changes to FINRA's rules and procedures to protect constitutional rights.

62. Defendant Saltiel was personally aware that FINRA's disciplinary system violates fundamental constitutional rights. The Supreme Court's decision in *Jarkesy* clearly established that civil penalties must be adjudicated before a jury in Article III courts. FINRA's monetary sanctions function identically to the SEC penalties struck down in *Jarkesy*. Defendant Saltiel knew that FINRA's hearing officers lack the structural independence required by the Constitution and that FINRA's procedures deny basic due process protections.

63. Despite this knowledge, Defendant Saltiel deliberately chose not to exercise his oversight authority to require constitutional procedures or take action to prevent constitutional violations.

64. Defendant Saltiel's deliberate inaction directly enabled and facilitated the violation of Mr. Lukezic's clearly established constitutional rights, including his Fifth Amendment right to due process given his fundamental liberty and property interests in his professional license and reputation, his Sixth Amendment right to an impartial jury, and his Seventh Amendment right to a jury trial.

65. Defendant Saltiel's conduct was undertaken with deliberate indifference to Mr. Lukezic's constitutional rights and was objectively unreasonable given clearly established law. His actions fell outside the scope of legitimate discretionary authority and were a substantial factor in causing harm to Mr. Lukezic.

66. There exists no adequate alternative remedy that provides for monetary relief for the constitutional violations suffered by Mr. Lukezic. The SEC's appellate process does not provide for damages, nor does it prevent the irreparable harm caused by FINRA's unconstitutional actions before they take effect.

67. As a direct and proximate result of Defendant Saltiel's actions and deliberate inaction, Mr. Lukezic has suffered and continues to suffer damages including loss of professional opportunities, financial loss, reputational damage, severe emotional distress, and ongoing deprivation of constitutional rights, warranting compensatory and punitive damages.

68. Money damages are necessary to remedy the constitutional violations enabled by Defendant Saltiel because the harm to Mr. Lukezic is ongoing and no adequate prospective relief is available. Without monetary damages, these constitutional violations will persist, affecting not only Mr. Lukezic, but also other FINRA members who face similar unconstitutional treatment.

69. Defendant Saltiel's conduct justifies punitive damages because his actions and deliberate inaction demonstrate reckless disregard for clearly established constitutional rights and deliberate indifference to highly probable constitutional violations. Additionally, his willful failure to perform mandatory oversight duties and his knowing participation in an unconstitutional disciplinary system further warrant punitive measures.

## FIFTH CLAIM

**Violation of the Right to an Impartial Jury**
**(Sixth & Fifth Amendments)**
**(Against FINRA)**

70. The foregoing allegations are incorporated as if fully set forth herein.

71. The Sixth Amendment guarantees the right to an impartial jury in all criminal prosecutions, while the Fifth Amendment ensures due process protections against governmental actions that threaten life, liberty, or property.

72. FINRA's publication of unproven and unsubstantiated allegations against Mr. Lukezic on BrokerCheck.org has deprived him of his right to an impartial jury by tainting potential jurors and irreparably damaging his reputation before any adjudication of wrongdoing.

73. FINRA's practice of publicizing unverified accusations without judicial findings functions as extrajudicial punishment, violating Mr. Lukezic's due process rights by imposing reputational and professional harm without an opportunity to contest the allegation in a fair and impartial forum.

74. The SEC's failure to prevent or remedy FINRA's actions constitutes government endorsement of a process that prejudices Mr. Lukezic's ability to defend himself in any future legal proceedings.

75. As a result of Defendants' actions, Mr. Lukezic has suffered professional harm, loss of business opportunities, and public scorn, all before being afforded a fair trial.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' disciplinary proceedings violate Plaintiff's rights under the Seventh Amendment and the Due Process clause of the Fifth Amendment;

B. Declare that Defendants' actions violated Plaintiff's constitutional rights under the Seventh Amendment and the Due Process clause of the Fifth Amendment;

C. Declare that Defendants' delegation of regulatory authority and enforcement authority to FINRA violates Article II of the U.S. Constitution and the nondelegation doctrine;

D. Declare that Defendants' publication of unproven allegations violated Plaintiff's constitutional right to an impartial jury;

E. Enjoin FINRA from imposing monetary sanctions or penalties without affording Plaintiff the right to a jury trial in an Article III court, and full constitutional due process protections;

F. Enjoin FINRA from continuing to exercise adjudicative and enforcement powers without proper constitutional authorization;

G. Enjoin Defendants from continuously republishing prejudicial and unsubstantiated allegations against Plaintiff and order Defendants to remove or retract the same prejudicial and unverified allegations from public records;

H. Award Plaintiff compensatory damages in an amount to be determined at trial;

I. Award punitive damages against Defendants in an amount sufficient to deter similar future conduct;

J. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: March 3, 2025                                **HLBS LAW**

*/s/ Dochtor D. Kennedy*
Dochtor D. Kennedy, MBA, J.D.
Attorney for Plaintiff
*\*Pro hac admission pending*
Of Counsel at HLBS Law
390 Interlocken Crescent, Suite 350
Broomfield, CO 80021
(720) 282-5154
doc.kennedy@hlbslaw.com

Dated: March 3, 2025                                **HOLLAND & KNIGHT LLP**

*/s/ Stuart G. Nash*
Stuart G. Nash, Bar No. 444058
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5158
Fax: (202) 955-5564
stuart.nash@hklaw.com

*Co-Counsel for Plaintiff*